UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sandra C., | File No. 26-CV-283 (JMB/JFD) |
| Petitioner, | |
| v. | |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs*, | **ORDER TO SHOW CAUSE** |
| Respondents. | |

Claire Glenn, Climate Defense Project, Minneapolis, MN, for Sandra C.

Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

This matter is before the Court on Petitioner Sandra C.'s[1] Motion for Order to Show Cause ("Motion") (Doc. No. 8), and Second Motion for Order to Show Cause (Doc. No. 11). The Court also has considered the status report (and amended status report) filed by Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood (together, "Respondents") concerning the Respondents' compliance with the Court's January 14, 2026 Order granting in part Sandra C.'s Petition for Writ of Habeas Corpus.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

(Doc. Nos. 9, 10.) The Court grants the Motion. In addition, the Court exercises its inherent authority to enforce its orders in issuing this Order to Show Cause. *See Degen v. United States*, 517 U.S. 820, 827 (1996).

On January 14, 2026, Sandra C. filed a Petition for Write of Habeas Corpus. (Doc. No. 1.) The Court entered an order that day that "temporarily restrained and enjoined from moving the Petitioner out of the District of Minnesota until the Court has issued a ruling on the pending Petition." (Doc. No. 3.)

On January 16, 2026, the Court ordered Respondents to either provide Sandra C. with a bond hearing under 8 U.S.C. § 1226(a) by January 20, 2026 or release her. (*See* Doc. No. 6 at 6.) The Court further reaffirmed its order not to remove, transfer, or otherwise facilitate the removal of Sandra C. from the District of Minnesota. (*Id.*) The Court ordered Respondents to provide a status update by January 21, 2026 at 11:00 a.m. (*Id.*)

In her first Motion, Sandra C.'s attorney asserts that after the Court issued its January 16, 2026 Order, she requested but did not receive information from Respondents confirming when Sandra C.'s bond hearing would be held. (Doc. No. 8 at 2.) Counsel represented that she could not find any information about her client's location in the ICE online detainee locator tool. (*Id.*) That Motion requests that Respondents identify Sandra C.'s location.

On January 21, 2026, Respondents timely filed a status update.[2] Respondents

---

[2] The status update is signed by an attorney who has not noticed their appearance on this case. Pursuant to our local rules, only attorneys who have been admitted to practice before

2

advised that although they scheduled Sandra C. for a bond hearing on January 20, 2026, "[t]hey did not have a bond hearing due to a lack of jurisdiction found by the immigration judge." (Doc. Nos. 9, 10; *see also* Doc. Nos. 9-1, 10-1.)  Respondents conclude that they "are working on getting this individual a bond hearing." (Doc. Nos. 9, 10.)  The attachment includes a notice of decision by an Immigration Judge in Minnesota concluding that they did not have jurisdiction to consider Sandra C.'s request for a bond hearing because no removal proceedings have been commenced against Sandra C.[3]  (Doc. Nos. 9-1, 10-1.)

The Court's January 16, 2026 Order was clear: if Sandra C. was not provided a Section 1226(a) hearing by end of day on January 20, 2026, she "must be immediately released from detention." (Doc. No. 6 at 6.)  Respondents admit that Sandra C. did not have a bond hearing by the deadline ordered.  Respondents must immediately release Sandra C. as previously ordered.

Further, based on the record before the Court, it is unclear whether Sandra C. remains in Minnesota because the Immigration Judge is located in Minnesota, but the notice of decision is addressed to Sandra C. in El Paso.  If Sandra C. is no longer in Minnesota because Respondents removed, transferred, or otherwise facilitated the removal of Petitioner from the District of Minnesota, then Respondents are hereby **ORDERED TO**

---

this Court may file documents.  D. Minn. L.R. 83.5(e).  For this reason, all attorneys must first file a notice of appearance before filing documents in a case, providing opposing parties an opportunity to challenge the appearance of that attorney.  Any further filings that do not comply with all procedural rules will be stricken.

[3] Respondents make no attempt to justify continued detention in the absence of removal proceedings.  (*See* Doc. Nos. 9-1, 10-1.)

3

**SHOW CAUSE** concerning the decision to transfer her. As noted below, Respondents shall show cause for their decision, including providing the Court information regarding who moved Sandra C. out of Minnesota, when, and why, as well as identifying her current location. If Sandra C. is no longer in Minnesota, Sandra C. is also invited to request an amended order including whatever additional relief concerning release or return transportation that she deems necessary or appropriate.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT**:

1. Petitioner Sandra C. must be **immediately** released from detention.

2. Respondents' counsel shall promptly file a status letter affirming Sandra C.'s release, and in any event no later than **4:00 p.m. CT today**, January 21, 2026.

3. The Motions for Orders to Show Cause (Doc. Nos. 8, 11) are **GRANTED** as follows:

    a. If Sandra C. is not currently in Minnesota, Respondents' counsel is ordered to file a status update by no later than **4:00 p.m. CT today**, January 21, 2026, identifying Sandra C.'s current location.

    b. If Respondents removed, transferred, or otherwise facilitated the removal of Sandra C. from Minnesota, Respondents' counsel must include in the required status update information advising who moved Sandra C. out of Minnesota, when, and why.

    c. Respondents' counsel must also include a detailed explanation why Respondents should not be considered in violation of this Court's Orders.

4.  The Court reserves consideration of any appropriate sanctions against the attorneys of record and the parties responsible for violating any of the Court's orders.

Dated: January 21, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court