UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sandra C., | File No. 26-CV-283 (JMB/JFD) |
| Petitioner, | |
| v. | |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs*, | SECOND ORDER TO SHOW CAUSE |
| Respondents. | |

Claire Glenn, Climate Defense Project, Minneapolis, MN, for Sandra C.

Matthew Isihara and Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

This matter is before the Court on Petitioner Sandra C.'s[1] Third Motion for Order to Show Cause ("Motion"). (Doc. No. 19.) The Court also exercises its inherent authority to enforce its orders in issuing this Second Order to Show Cause. *See Degen v. United States*, 517 U.S. 820, 827 (1996).

On January 14, 2026, Sandra C. filed a Petition for Writ of Habeas Corpus. (Doc. No. 1.) The Court entered an order that day that "temporarily restrained and enjoined

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

[Respondents] from moving the Petitioner out of the District of Minnesota until the Court has issued a ruling on the pending Petition." (Doc. No. 3.)

On January 16, 2026, the Court granted Sandra C.'s Petition, finding that her continued detention without a bond hearing was unlawful and ordering Respondents to take one of two clear actions: (1) provide Sandra C. with a bond hearing under section 1226(a) by January 20, 2026, and (2) to immediately release Sandra C. in the event that no bond hearing could occur by January 20, 2026. (*See* Doc. No. 6 at 6.) The Court also reaffirmed its order not to remove, transfer, or otherwise facilitate the removal of Sandra C. from the District of Minnesota. (*Id.*)

On January 21, 2026, Respondents filed a status update. In the update, Respondents explained that no bond hearing was held by January 20, 2026. Sandra C., however, had not been released as ordered. Instead, Respondents advised that she was still in custody. Specifically, Respondents offered an explanation why no bond hearing occurred: "[t]hey did not have a bond hearing due to a lack of jurisdiction found by the immigration judge." (Doc. No. 9; *see also* Doc. No. 9-1.) Respondents also claimed that they "[we]re working on getting this individual a bond hearing." (Doc. No. 9.)

On that same day, and based on Respondents' failure to timely provide Sandra C. a bond hearing, the Court then reaffirmed its previous order, requiring that Sandra C. "must be immediately released from detention." (Doc. No. 12 at 4 (emphasis removed).) The Court also ordered that if Sandra C. was not currently in Minnesota, Respondents' counsel was to file a status update "identifying Sandra C.'s current location" and advise "who moved Sandra C. out of Minnesota, when, and why." (*Id.*)

2

In response to the Court's January 21, 2026 Order, Respondents filed several documents. Respondents filed a Declaration of Deportation Officer Angela Minner stating under penalty of perjury, based on a review of records "and information relayed to [Minner] by other officials" that "[d]ue to lack of bed space available locally," Sandra C. "was prepped for transfer to El Paso, TX" and was put on a plane to Texas that departed at 11:00 a.m. on January 14, 2026. (Doc. No. 15 ¶¶ 1, 6, 8.) In a memorandum filed on January 21, 2026, Respondents contend that Sandra C. was transferred out of the District of Minnesota "before the agency was aware of the Court's order" not to transfer her, which was entered at 5:10 p.m. on January 14, 2026. (Doc. No. 13 at 1; *see also* Doc. No. 3.) Respondents also represented in their memorandum that "Petitioner is now being returned to the District in accordance with the Court's order" and acknowledged that at that time, "Petitioner [was] still in ICE custody, despite the Court's order." (Doc. No. 13 at 2.) On the basis of the timeline of Sandra C.'s transfer, as well as on the basis of Respondents' repeated representation that "Petitioner is being returned to the District" (Doc. No. 13 at 1; *see also id.* at 2 ("Petitioner is now being returned to the District in accordance with the Court's order"), 3 ("Petitioner is being returned to the District pursuant to the Court's order"), 4 ("the government is already returning the detainee to Minnesota")), Respondents argued that they should not be held in contempt (*id.* at 4).[2]

Respondents' memorandum was not accurate. An hour after representing to this Court that Sandra C. was being returned to Minnesota in compliance with the Court's

---

[2] Respondents conceded that the Court has jurisdiction over this Petition. (Doc. No. 13 at 3.)

3

Order, Respondents filed a notice at 5:06 p.m. on January 21, 2026, stating that "Petitioner was released from confinement on her own recognizance on January 21st, 2026" (Doc. No. 16), and attached an Order of Release on Recognizance dated January 21, 2026 (Doc. No. 16-1). Neither the Notice nor the Order of Release on Recognizance stated where Sandra C. was released. The Order of Release on Recognizance also imposed a number of conditions of release and stated that "[a]ny violation of these conditions may result in you being taken into ICE custody and you being criminally prosecuted." (*See* Doc. No. 16-1 at 1, 3.)

On January 22, 2026, the Court entered an Order finding that "[b]ecause the Attachment to Respondents' Notice" indicates that Sandra C. "was released under specific conditions, the violation of which could result in detention, Respondents have not complied with the Court's Order (Doc. No. 6) requiring Petitioner's release, with no mention of conditions of release," and set a deadline for Petitioner to shall file any necessary and appropriate requests should she "seek review of these conditions." (Doc. No. 18.)

Sandra C. timely filed a Third Motion for Order to Show Cause. (Doc. No. 19.) She asserts the Respondents released Sandra C. in Texas in violation of the Court's orders and Respondents' own representations. (Doc. Nos. 19 at 2, 19-1.) Despite the Court's Order requiring Respondents to "identify[] Sandra C.'s current location" (Doc. No. 12 at 4), Respondents' January 21, 2026 filings failed to identify her location (Doc. Nos. 16, 16-1). Further, Sandra C.'s counsel states that despite seeking information about Sandra C.'s location by emails to Respondents' counsel, Respondents also failed to provide any detailed information by email other than to advise that it "[l]ooks like" she was released

4

from a facility in El Paso. (Doc. Nos. 19 at 2–3, 19-1.) Sandra C.'s counsel asserts that although Sandra C. "was booked with various personal belongings and given a receipt for those items," "[u]pon her release in Texas, those belongings were returned to her with the exception of her driver's license and $114 in cash." (Doc. No. 19 at 4.)[3] Finally, Sandra C. argues that "Respondents lack the legal authority to impose conditions of release upon her in light of this Court's order" and requests relief in the Court's discretion. (*Id.* at 4.)

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Respondents must SHOW CAUSE, on or before <u>Wednesday, February 4, 2026 at 11:00 a.m.</u>, why Respondents should not be sanctioned for failure to comply with this Court's Orders by committing the following actions: (1) failing to provide information to the Court about the location of Petitioner's release; (2) failure to return Petitioner's driver's license and $114 in cash in their possession, custody, or control; and (3) failure to follow the Court's release order, which did not include conditions. Respondents must submit, by the stated deadline, a reasoned memorandum and any necessary supporting declarations or exhibits to support their positions on these three issues.

2. Any reply brief by Petitioner must be filed by <u>Friday, February 6, 2026. at 11:00 a.m.</u>

3. The Court reserves consideration of any appropriate sanctions against the attorneys of record and the parties responsible for violating any of the Court's orders.

Dated: January 26, 2026                        /s/ *Jeffrey M. Bryan*
                                               Judge Jeffrey M. Bryan
                                               United States District Court

---

[3] The Court also read with concern the reports by Sandra C.'s counsel about the conditions of Sandra C.'s treatment and confinement in both Minnesota and Texas (Doc. No. 19 at 3–4), but such allegations are not within the scope of Sandra C.'s Petition.