UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sandra C., | File No. 26-CV-283 (JMB/JFD) |
| Petitioner, | |
| v. | |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs*, | **THIRD ORDER TO SHOW CAUSE** |
| Respondents. | |

Claire Glenn, Climate Defense Project, Minneapolis, MN, for Sandra C.

Matthew Isihara and Daniel Rosen, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

This matter is before the Court on Petitioner Sandra C.'s[1] Motion for Sanctions (Motion). (Doc. No. 19.) The Court also exercises its inherent authority to enforce its orders in issuing this Third Order to Show Cause. *See Degen v. United States*, 517 U.S. 820, 827 (1996).

On January 14, 2026, Sandra C. filed a Petition for Writ of Habeas Corpus. (Doc. No. 1.) The Court entered an order that day that "temporarily restrained and enjoined

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

[Respondents] from moving the Petitioner out of the District of Minnesota until the Court has issued a ruling on the pending Petition." (Doc. No. 3.)

On January 16, 2026, the Court granted Sandra C.'s Petition, finding that her continued detention without a bond hearing was unlawful and ordering Respondents to take one of two clear actions: (1) provide Sandra C. with a bond hearing under section 1226(a) by January 20, 2026; or (2) immediately release Sandra C. in the event that no bond hearing could occur by January 20, 2026. (*See* Doc. No. 6 at 6.) The Court also reaffirmed its order not to remove, transfer, or otherwise facilitate the removal of Sandra C. from the District of Minnesota. (*Id.*)

On January 21, 2026, Respondents filed a status update. Respondents explained that no bond hearing was held by January 20, 2026. Sandra C., however, had not been released as ordered. Instead, Respondents advised that she was still in custody. Respondents claimed that they were "working on getting this individual a bond hearing." (Doc. No. 9.) In this way, Respondents tacitly admitted their failure to comply with the Court's order to provide Sandra C. with a bond hearing or to release her no later than January 20, 2026. (Doc. No. 6 at 6.)

Based on Respondents' failure to timely provide Sandra C. a bond hearing, the Court then reaffirmed its previous order, requiring that Sandra C. "must be immediately released from detention." (Doc. No. 12 at 4 (emphasis removed).) In addition, the Court ordered that if Sandra C. was not currently in Minnesota, Respondents' counsel was to file a status update "identifying Sandra C.'s current location" and advising "who moved Sandra C. out of Minnesota, when, and why." (*Id.*)

2

In response to the Court's January 21, 2026 Order, Respondents filed several documents. Respondents filed a Declaration of Deportation Officer Angela Minner stating under penalty of perjury, based on a review of records "and information relayed to [Minner] by other officials" that, "[d]ue to lack of bed space available locally," Respondents transferred Sandra C. out of the District of Minnesota; specifically, they flew her to El Paso, Texas at 11:00 a.m. on January 14, 2026. (Doc. No. 15 ¶¶ 1, 6, 8.) In a memorandum filed on January 21, 2026, Respondents explained that Sandra C. was transferred out of the District of Minnesota "before the agency was aware of the Court's order" not to transfer her, which was filed several hours after the 11:00 a.m. flight that day. (Doc. No. 13 at 1; *see also* Doc. No. 3.) Respondents also represented in their memorandum that "Petitioner is now being returned to the District in accordance with the Court's order" and acknowledged that, at that time, "Petitioner [was] still in ICE custody, despite the Court's order." (Doc. No. 13 at 2.) On the basis of the timeline of Sandra C.'s transfer, as well as on the basis of Respondents' repeated representation that "Petitioner is being returned to the District" (Doc. No. 13 at 1; *see also id.* at 2 ("Petitioner is now being returned to the District in accordance with the Court's order[.]"), 3 ("Petitioner is being returned to the District pursuant to the Court's order[.]"), 4 ("[T]he government is already returning the detainee to Minnesota.")), Respondents argued that they should not be held in contempt (*id.* at 4).[2]

Respondents' memorandum was not accurate. An hour after representing to this

---

[2] Respondents conceded that the Court has jurisdiction over the Petition. (Doc. No. 13 at 3.)

3

Court that Sandra C. was being returned to Minnesota in compliance with the Court's Order, Respondents filed a notice at 5:09 p.m. on January 21, 2026, stating that "Petitioner was released from confinement on her own recognizance on January 21st, 2026" (Doc. No. 16), and attached an Order of Release on Recognizance dated January 21, 2026 (Doc. No. 16-1).  The Order of Release on Recognizance also imposed a number of conditions of release and stated that "[a]ny violation of these conditions may result in you being taken into ICE custody and you being criminally prosecuted."  (*See* Doc. No. 16-1 at 1, 3.)

On January 22, 2026, the Court entered an Order concluding that "[b]ecause the Attachment to Respondents' Notice" indicates that Sandra C. "was released under specific conditions, the violation of which could result in detention, Respondents have not complied with the Court's Order (Doc. No. 6) requiring Petitioner's release, with no mention of conditions of release," and set a deadline for Petitioner to file any necessary and appropriate requests should she "seek review of these conditions."  (Doc. No. 18.)

On January 26, 2026, Sandra C. filed a Third Motion for Order to Show Cause. (Doc. No. 19.)  On that same day, the Court granted this motion and issued the Second Order to Show Cause.  (Doc. No. 20.)  In it, the Court ordered Respondents to show cause why Respondents should not be sanctioned for failure to comply with this Court's Orders by committing the following actions: (1) failing to provide information to the Court about the location of Petitioner's release; (2) failing to return Petitioner's driver's license and $114 in cash in their possession, custody, or control; and (3) failing to follow the Court's release order, which did not include conditions.  (*Id.* at 5.)

On February 4, 2026, counsel for Respondents filed a brief update, stating that "its

4

client has taken steps, and will continue to take steps, to mitigate the Court's concerns." The response did not contain any specific information about what actions counsel or "its client" was taking. Rather, the update included promises to "file a status report once [Sandra C.'s] belongings are returned" and to "provide documentation to the Court when release conditions are terminated." Respondents anticipated having this information and documentation by the end of the week. No further response was provided.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. A contempt hearing is set for Friday, February 27, 2026, at 10:00 a.m. in Courtroom 3B of the Warren E. Burger Federal Building and United States Courthouse, 316 N. Robert Street, St. Paul, Minnesota.

2. At the contempt hearing, Respondents must show cause why it should not be held in contempt for the following conduct:

    a. failing to comply with the Court's January 14, 2026 Order prohibiting them from transferring Petitioner out of the District of Minnesota while the Petition was pending (Doc. No. 3);

    b. failing to comply with the Court's January 16, 2026 Order granting the Petition and ordering Respondents to provide Petitioner with a bond hearing no later than January 20, 2026 (Doc. No. 6 at 6);

    c. failing to comply with the Court's January 16, 2026 Order requiring Respondents to release Petitioner in the event that they could not provide Petitioner with a bond hearing by January 20, 2026 (*id.*);

    d. misrepresenting to the Court that "Petitioner is now being returned to the District" (Doc. No. 13 at 2), when in fact, Respondents had decided not to return Petitioner to Minnesota, but to release her in El Paso, Texas (Doc. No. 15 ¶¶ 6–8; Doc. No. 16);

    e. failing to comply with the Court's January 16, 2026 Order and the

5

    Court's January 21, 2026 Order requiring release with no mention of conditions (Doc. No. 6 at 6; Doc. No. 12 at 4);

  f. failing to comply with the Court's January 21, 2026 Order requiring Respondents to provide specific information to the Court (Doc. No. 20 at 5); and

  g. failing to comply with the Court's January 26, 2026 Order requiring return of Petitioner's driver's license and $114 in cash, which Respondents confiscated from Petitioner (*id.*).

3. The following individuals must appear before the Court:

  a. Matthew Isihara, Assistant United States Attorney and counsel of record for Respondents;

  b. David W. Fuller, Assistant United States Attorney and Acting Chief of the Civil Division of the Minnesota United States Attorney's Office;

  c. Daniel Rosen, United States Attorney for the District of Minnesota;

  d. a representative of Immigration and Customs Enforcement who had notice of the Court's January 14, 16, 21, and 26 Orders and was (or were) responsible (directly or through the conduct of a subordinate) for Petitioner's custody, transportation, and release, as well as for retention of Petitioner's property; and

  e. Petitioner's counsel.

4. No later than 11:00 a.m. CST Thursday, February 26, 2026, Respondents shall file a declaration pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge concerning the rescission of release conditions and return of Petitioner's property. Acceptable documentation of rescission of conditions includes the form filed in Case No. 26-CV-751 at Doc. No. 16-1. If any confiscated documentation was subject to retention by Respondents or their agent(s) after release, the declaration shall identify each item that was retained and confirm that Respondents have provided certified copies of any and all such documentation to Petitioner or Petitioner's counsel.

5. Should the Parties file a written stipulation prior to 9:00 a.m. on Friday, February 27, 2026, affirming that all conditions of release have been rescinded, that all property has been returned, and that there are no other

outstanding issues for the Court to address, the Court will consider canceling the hearing and closing this case. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994) (concluding that coercive contempt sanctions are inappropriate to address a "completed act of disobedience"); *Coleman v. Espy*, 986 F.2d 1184, 1191–92 (8th Cir. 1993) (concluding that compensatory contempt sanctions are barred against federal agencies and officials).

Dated:  February 24, 2026                      /s/ *Jeffrey M. Bryan*
                                                Judge Jeffrey M. Bryan
                                                United States District Court